IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | | |
|---|---|---|
| DOMINIQUE DAVON GORDON, | ) | CASE NO. 4:19-CV-01307 |
| | ) | |
| Petitioner, | ) | JUDGE SOLOMON OLIVER, JR. |
| | ) | |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| WARDEN MARK K. WILLIAMS, | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Respondent. | ) | |

**Introduction**

Before me by referral[1] is the petition of Dominique Davon Gordon for a writ of habeas corpus under 28 U.S.C. § 2241.[2] Gordon is incarcerated at the Federal Correctional Institution at Elkton, Ohio where he is serving a term of 240 months imprisonment imposed in 2011 by the United States District Court of the Eastern District of Tennessee upon Gordon's plea of guilty to conspiracy to distribute and possession with intent to distribute at least 100 grams of heroin.[3]

---

[1] ECF No. 4.
[2] ECF No. 1.
[3] *Id*. at 1.

Several motions are pending. As more fully detailed below, I will deny one motion and recommend denying another, while recommending that the motion to dismiss by the United States be granted.

**Facts**

The facts relevant to resolution of the existing motions are mostly procedural and totally undisputed.

Shortly after this petition was filed, the United States moved to dismiss the action for want of jurisdiction.[4] But because Gordon was not properly served with that motion, I denied it without prejudice.[5] In addition, I ordered a new briefing schedule[6] and later ordered that the Federal Public Defender be appointed to represent Gordon.[7]

When the United States did not timely file an answer/return of the writ consistent with the briefing schedule set forth in my order of May 15, 2020, Gordon filed a motion asking that I submit a Report and Recommendation in favor of granting Gordon's petition.[8] The United States responded by seeking leave to file its return of the writ beyond the time provided by my scheduling order[9] and then moved to dismiss the petition for lack of jurisdiction.[10] Gordon has not replied to either motion.

---

[4] ECF No. 7.
[5] ECF No. 9.
[6] *Id*.
[7] ECF No. 10.
[8] ECF No. 14.
[9] ECF No. 15.
[10] ECF No. 16.

As stated, I will initially grant the motion by the United States to file its answer beyond the time given in the scheduling order. In addition, I will recommend denying Gordon's motion for essentially a default judgment. I will also recommend that the motion by the United States to dismiss this petition for want of jurisdiction be granted.

**Analysis**

**1.    Government's Motion for Additional Time**

First, the government seeks permission to file its answer beyond the time specified in my procedural order.[11] The government notes in its motion for additional time that it is seeking only a 14-day extension beyond the time specified in my procedural order and that the additional time is required to coordinate the government's answer in this case with the filings in the Eastern District of Tennessee, where Gordon has also sought relief.[12]

Gordon has not responded to this request for additional time.[13] Further, while the government's request for additional time was not filed before the time set by my procedural order had expired, the motion for additional time was filed only seven days beyond the deadline, a short period that does not indicate neglect. Finally, the government had earlier filed a similar motion to dismiss that I denied without prejudice, noting that it may be subsequently refiled at a later date. Thus, the current motion, which basically restates the

---

[11] ECF No. 15.

[12] *Id*. at 1.

[13] His motion for default judgment was filed prior to the government's motion for additional time.

prior one, can be no surprise to Gordon. Accordingly, the motion requesting leave to file late[14] is granted.

**2.      Gordon's Motion for Default Judgment**

Next, there is Gordon's motion for what is essentially a default judgment in his favor because the United States did not file its answer in accordance with the schedule of my order of May 15, 2020. I note, as does the United States, that default judgment is not available in habeas cases.[15] Gordon has not contested that conclusion. Therefore, I recommend that Gordon's motion[16] be denied.

**3.      Government's Motion to Dismiss**

Finally, I address the motion by the United States to dismiss for lack of jurisdiction.[17] The government argues that ordinarily a collateral challenge to the legality of a conviction or sentence of a federal prisoner must be raised under § 2255, while an action under § 2241 is brought only in the district where the prisoner is confined and then only to contest the execution or manner in which the sentence is served.[18]

---

[14] ECF No. 15.
[15] *Id*. at 3, citing *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970).
[16] ECF No. 14.
[17] ECF No. 16.
[18] *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001).

The sole exception to the exclusivity of § 2255 as a remedy is where it would be inadequate or ineffective to test the legality of a federal prisoner's detention.[19] This provision of § 2255, known as the "saving clause," provides that a federal prisoner may contest the legality of his detention under 28 U.S.C. § 2241 in the district where he is confined, but only under the narrow circumstances where § 2255 is inadequate and ineffective.[20]

In the Sixth Circuit, the narrow circumstances that allow use of § 2241 rather than § 2255 are to present claims of actual innocence that could not have been reasonably presented sooner.[21] Thus, a federal prisoner may seek relief under § 2241 if a change in statutory interpretation renders his conduct non-criminal.[22]

A federal prisoner cannot utilize § 2241 just because a Supreme Court case "hints [that] his conviction may be defective."[23] Rather, the prisoner "must cite a new and retroactive decision *and* show that 'it could not have been invoked in the initial § 2255 motion.'"[24]

Here, Gordon claims that under the rule pronounced by the Supreme Court in *Burrage v. United States,*[25] he is entitled to relief under § 2241. He asserts because *Burrage*

---

[19] 28 U.S.C. § 2255(e).
[20] *Peterman*, 249 F.3d at 461.
[21] *Wright v. Spaulding*, 939 F.3d 695, 699 (6th Cir. 2019).
[22] *Wooten v. Cauley,* 677 F.3d 303, 307 (6th Cir. 2012).
[23] *Wright*, 939 F.3d at 703.
[24] *Id*.
[25] 571 U.S. 204 (2014).

gave a new interpretation of the "death results" language in the drug conspiracy statute under which Gordon was convicted, he is now actually innocent of causing death or serious injury from dealing drugs.[26]

The United States, however, contends that Gordon not only could have invoked *Burrage* (decided January 27, 2014) when his initial § 2255 petition was pending in Tennessee, but that Gordon actually sought to amend that petition in October 2014[27] to make exactly the same *Burrage* argument he seeks to make here.[28] Further, the government points out that several years later, after the 2018 Sixth Circuit decision in *Harrington v. Ormond*,[29] which addressed *Burrage*, Gordon sought the appointment of counsel to again evaluate his eligibility for relief under the rubric of *Burrage*.[30]

Thus, under the test for using § 2241 stated above, Gordon's current petition is barred because he had prior opportunities to make a claim under *Burrage* in connection with a prior § 2255 petition and now cannot use the savings clause of § 2255 "to get another bite at the apple" by using § 2241.[31]

---

[26] ECF No. 1 at 3.
[27] ECF No. 7, Attachment 5 ("Motion to amend Petitioner's previous motion filed pursuant to 28 U.S.C. Section 2255").
[28] ECF No. 16 at 5.
[29] 900 F.3d 246 (6th Cir. 2018).
[30] ECF No. 7, Attachment 9.
[31] *Wright*, 939 at 706.

## Conclusion

For the reasons stated above, the government's motion for additional time to answer[32] is granted. Further, I recommend that Gordon's motion essentially for default judgment[33] be denied and that the government's motion to dismiss[34] be granted.

IT IS SO RECOMMENDED.

Dated: August 27, 2021                                    s/William H. Baughman Jr.
                                                         United States Magistrate Judge

---

[32] ECF No. 15.
[33] ECF No. 14.
[34] ECF No. 16.

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.[35]

---

[35] *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).